UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH VIGLIONE,<br><br>        Plaintiff<br><br>v.<br><br>MANDARIN ORIENTAL MANAGEMENT (USA), INC.,<br><br>REGAN COMMUNICATIONS GROUP, INC., and<br><br>GEORGE K. REGAN,<br><br>        Defendants. | Civil Action |

**COMPLAINT**
**AND DEMAND FOR TRIAL BY JURY**

Jurisdiction and Venue

This is an Action for damages under the Copyright Laws of the United States, 17 U.S.C. §§101 *et seq*. Plaintiff alleges that Defendants, Mandarin Oriental Management (USA), Inc., Regan Communications, Group, Inc. and George K. Regan reproduced and used a copyrighted photograph that is owned and registered to the Plaintiff, without Plaintiff's permission or authority. Plaintiff is also seeking damages against Defendants under the Digital Millennium Copyright Act for altering or removing Plaintiff's copyright management information from said photograph and/or from the metadata to said photograph in violation of 17 U.S.C. §§1201-1203. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1338(a) and proper venue exists under 28 U.S.C. §1400(a).

The Parties

1.      Plaintiff, KEITH VIGLIONE, (hereinafter, "Viglione" or "Plaintiff") maintains a principal place of business at 38 Phillips Drive, Newburyport, Essex County, Commonwealth of Massachusetts.

2.      Viglione is a professional photographer who conducts business under his own name as well as under the name, "617 IMAGES."

3.      Defendant, MANDARIN ORIENTAL MANAGEMENT (USA), INC. is a Delaware corporation duly organized by law and it is registered to conduct business in this Commonwealth.  At all times material to this Action, Mandarin Oriental Management (USA), Inc. (hereinafter, "Mandarin Oriental Management" owned and/or operated a hotel in Boston known as the Mandarin Oriental Hotel (hereinafter the "Hotel").  The Hotel is located at 776 Boylston Street, Boston, Suffolk County, Massachusetts 02199

4.      Defendant, REGAN COMMUNICATIONS GROUP, INC. (hereinafter, "Regan Communications") is a Massachusetts corporation duly organized by law having a principal place of business at 106 Union Wharf, Boston, Suffolk County, Massachusetts 02109.  At all times material to this Action, Regan Communications provided public relations and/or marketing services to Mandarin Oriental Management and/or the Hotel.

5.      Defendant, GEORGE K. REGAN ("Regan") is an individual who resides in the Commonwealth of Massachusetts at 214 Marina Drive, Quincy, Norfolk County, Massachusetts 02171.  At all times material hereto, Regan was the sole officer and sole director of Regan Communications, and an agent, servant or employee in charge of its business.

Introductory Facts

6.     Viglione is the author and copyright claimant of a photograph of the Boston skyline taken from East Boston (hereinafter, the "Photograph"). The Photograph features a fireworks display taken in 2018 from East Boston. A copy of the Photograph is attached hereto as "Exhibit A" and is incorporated herein by reference.

7.     The Photograph was registered with the U.S. Copyright Office with the title, "NYE 2018 Eastie Fireworks." The registration was effective December 2, 2020, and it was given Registration Number VA 2-228-835. A copy of the registration information is attached hereto as "Exhibit B" and is incorporated herein by reference.

## COUNT I
(Copyright infringement claim against Mandarin Oriental Management)

8.     Viglione re-alleges and incorporates paragraphs 1 through 7 above, as if all of said paragraphs were restated herein in their entirety.

9.     In or around January 1, 2018, Viglione published the Photograph for viewing and licensing on his website located at https://www.617images.com (the "Website") as well as on a number of his social media sites, including Twitter, Instagram and Facebook.

10.    The Photograph was published by Viglione on his Website and on various social media sites with Plaintiff's "617 Images" copyright management information ("CMI") prominently displayed in a watermark on the center bottom of the image, as well as embedded within the metadata of the Photograph.

11.    Upon information and belief, Mandarin Oriental Management and/or its agents, servants or employees copied the Photograph without Plaintiff's permission or authority either from Viglione's Website or from one of his social media sites, and displayed the Photograph on

one or more social media sites of Mandarin Oriental Management and/or the Hotel.  <u>A copy of one of the uses of said Photograph by Mandarin Oriental Management and/or the Hotel is attached hereto as "Exhibit C" and is incorporated herein by reference.</u>

12. Mandarin Oriental Management or its agents, servants or employees have infringed Viglione's copyright in and to the Photograph by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph within the United States without the permission or authority of Viglione in violation of Title 17 of the U.S. Code.

13. Upon information and belief, Mandarin Oriental Management has benefitted from the unauthorized use and infringement of the Photograph, while Viglione has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill in the marketplace.

14. As a result of the actions of Mandarin Oriental Management and/or its agents, servants or employees, Viglione is entitled to injunctive relief, and his actual and profit damages, and such other relief as is set forth in Title 17 of the U.S. Code.

### **COUNT II**
(Copyright infringement claim against Regan Communications)

15. Viglione re-alleges and incorporates paragraphs 1 through 10 above as if all of said paragraphs were restated herein in their entirety.

16. Upon information and belief, Regan Communications and/or its agents, servants or employees copied the Photograph without Plaintiff's permission or authority either from Viglione's Website or from one of his social media sites, and displayed the Photograph on the website of Mandarin Oriental Management and/or the Hotel.  A copy of one of the uses of the Photograph by Regan Communications and/or its agents, servants or employees for Mandarin

Oriental Management and/or the Hotel is attached hereto as "Exhibit C' and is incorporated herein by reference.

17. Regan Communications or its agents, servants or employees have infringed Viglione's copyright in and to the Photograph by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph for its own purposes and for the Mandarin Oriental Management and/or the Hotel within the United States without the permission or authority of Viglione in violation of Title 17 of the U.S. Code.

18. Regan Communications or its agents, servants or employees have benefitted from the unauthorized use and infringement of the Photograph, while Viglione has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill in the marketplace.

19. As a result of the actions of Regan Communications and/or its agents, servants or employees, Viglione is entitled to injunctive relief, his actual and profit damages, and such other relief as set forth in Title 17 of the U.S. Code.

### COUNT III
(Vicarious Copyright Infringement against George K. Regan)

20. Viglione re-alleges and incorporates paragraphs 1 through 10 and 15 through 19 above as if all of said paragraphs were restated herein in their entirety.

21. Pleading further but without waiver of the foregoing, Viglione alleges that while the aforesaid infringing acts were being performed by Regan Communications, its agents, servants or employees, Defendant, Regan was the sole officer, director, shareholder and/or controlling principal of Regan Communications.

22.     On information and belief, Regan controlled most of the marketing decisions and other activities of Regan Communications including providing hands-on decision making with respect to the social media and other promotions of Mandarin Oriental Management and/or the Hotel, making many if not most of the decisions on behalf of Regan Communications.  Regan thus had the right and ability to supervise and/or control the infringing conduct of Regan Communications and its employees, agents, or servants, and/or to stop the infringement once it began.  Additionally, and upon information and belief, Regan as the sole officer, director and/or other principal of Regan Communications had obvious and direct financial interests in the infringing activities of Regan Communications.

23.     Accordingly, Regan is personally liable to Viglione as a contributory copyright infringer or is otherwise vicariously liable for the infringing activities of Regan Communications.

## **COUNT IV**
(Violations of the Digital Millennium Copyright Act against Mandarin Oriental Management)

24.     Viglione re-alleges and incorporates paragraphs 1 through 14 above as if all of said paragraphs were restated herein in their entirety.

25.     As is his pattern and practice, Viglione clearly marked the Photograph – both on the face of the image itself, and in the metadata for the Photograph – with his Copyright Management Information ("CMI"), including a legible copyright notice in his name or the name of his company, "617 Images."  Furthermore, the CMI metadata includes Viglione's email address and copyright notice.  Viglione does this to distinguish his photographs from the works of others in his field, and to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his works appreciates that Viglione

owns all rights and title in and to his images.

26. Upon information and belief, Mandarin Oriental Management, its agents, servants or employees or third parties acting on its behalf, willfully disregarded Viglione's CMI in and on the Photograph, and in violation of the Digital Millennium Copyright Act altered and/or removed Plaintiff's CMI from said Photograph and/or from the metadata to said Photograph in violation of 17 U.S.C. §1202.

27. As a result thereof, under 17 U.S.C. §1203, Viglione is entitled to his actual damages, plus any profits of Mandarin Oriental Management that are attributable to its violation of the Digital Millennium Copyright Act that are not taken into account in computing actual damages, or in lieu thereof, at any time before final judgment is entered, statutory damages for each violation of 17 U.S.C. § 1202 in a sum not less than $2,500 or more than $25,000.

## COUNT V
(Violations of the Digital Millennium Copyright Act against Regan Communications)

28. Viglione re-alleges and incorporates paragraphs 1 through 10 and 15 through 17 above as if all of said paragraphs were restated herein in their entirety.

29. As is his pattern and practice, Viglione clearly marked the Photograph – both on the face of the image itself, and in the metadata for the Photograph – with his Copyright Management Information ("CMI"), including a legible copyright notice in his name or the name of his company, "617 Images." Furthermore, the CMI metadata for the Photograph includes Viglione's email address and copyright notice. Viglione does this to distinguish his photographs from the works of others in his field, and to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his works appreciates that Viglione owns all rights and title in and to his images.

30. Upon information and belief, Regan Communications, its agents, servants or

employees or third parties acting on its behalf, willfully disregarded Viglione's CMI in and on the Photograph, and in violation of the Digital Millennium Copyright Act altered and/or removed Plaintiff's CMI from said Photograph and/or from the metadata to said Photograph in violation of 17 U.S.C. §1202.

31. As a result thereof, under 17 U.S.C. §1203, Viglione is entitled to his actual damages, plus any profits of Regan Communications that are attributable to its violation of the Digital Millennium Copyright Act that are not taken into account in computing actual damages, or in lieu thereof, at any time before final judgment is entered, statutory damages for each violation of 17 U.S.C. § 1202 in a sum not less than $2,500 or more than $25,000.

### COUNT VI
(Violations of the Digital Millennium Copyright Act against George K. Regan)

32. Viglione re-alleges and incorporates paragraphs 1 through 10 and 15 through 17 above, as if all of said paragraphs were restated herein in their entirety.

33. Viglione further alleges that while the aforesaid acts in violation of the Digital Millennium Copyright Act, were being performed by Regan Communications, its agents, servants or employees, Regan was the sole officer, director, shareholder and/or controlling principal of Regan Communications.

34. On information and belief, Regan controlled most of the marketing decisions and other activities of Regan Communications including providing hands-on decision making with respect to the social media and other promotions of Mandarin Oriental Management and/or the Hotel, making many if not most of the decisions on behalf of Regan Communications. Regan thus had the right and ability to supervise and/or control the conduct of Regan Communications and its employees, agents, or servants, and/or to stop violations of the Digital Millennium Copyright Act, once they began. Additionally, and upon information and belief, Regan as the

sole officer, director and/or other principal of Regan Communications had obvious and direct financial interests in the infringing activities of Regan Communications.

35. Upon information and belief, Regan, acting on his own behalf and on behalf of Regan Communications, its agents, servants or employees or third parties, willfully disregarded Viglione's CMI in and on the Photograph, and in violation of the Digital Millennium Copyright Act altered and/or removed Plaintiff's CMI from said Photograph and/or from the metadata to said Photograph in violation of 17 U.S.C. §1202.

36. As a result thereof, Regan is personally liable to Viglione for contributing to the violations of the DMCA or is otherwise vicariously liable for said activities of Regan Communications.

37. As a Result, under 17 U.S.C. §1203, Viglione is entitled to his actual damages, plus any profits of Regan that are attributable to his violation of the Digital Millennium Copyright Act that are not taken into account in computing actual damages, or in lieu thereof, at any time before final judgment is entered, statutory damages for each violation of 17 U.S.C. § 1202 in a sum not less than $2,500 or more than $25,000.

Causation / Damages

38. As a result of the conduct of Mandarin Oriental Management, Regan Communications, and Regan as alleged in Counts I through III herein, Viglione has sustained actual damages in an amount to be determined by this court. Such actual damages include, but are not limited to the dilution of the market value of the Photograph, lost profits and/or lost licensing revenue, and disgorgement of the infringers' profits attributable to the unauthorized use and infringement of the Photograph.

39.  As a result of the conduct of Mandarin Oriental Management, Regan Communications, and Regan as alleged in Counts IV through VI herein, Viglione has sustained actual damages in an amount to be determined by this court, plus any profits that are attributable to a violation of the DMCA by said Defendants that are not taken into account in computing actual damages.

## Relief Requested

40.  Viglione demands an accounting of all of Defendants' activities in connection with their infringements of his copyright in and to the Photograph, as well as disgorgement of profits attributable to the infringing activities, and all other benefits realized by Defendants through their infringing activities.

41.  Viglione is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendants' profits attributable to the infringement, as well as any other relief to which he is entitled under the Copyright Act.

WHEREFORE, Viglione demands judgment as follows:

a.  That Defendants, Mandarin Oriental Management, Regan Communications Group, Inc. and George K. Regan, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Viglione's copyright to the Photograph in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing the Photograph and any derivative copies thereof, and from using the Photograph in sales, marketing, and/or advertising in print and electronically;

b.  That Defendants be required to deliver-up for impounding during the pendency of this Action, and for destruction thereafter, all images which infringe Viglione's copyright, and all

prints, film, negatives, electronic copies, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of said Defendants;

      c.      That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above described;

      d.      That Defendants be ordered to pay over to Viglione his actual damages sustained, in addition to all of their profits attributable to the infringements, and which are not taken into account in computing Viglione's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b) and under the DMCA;

      e.      That Defendants be ordered to pay to Viglione his costs including reasonable attorney's fees; and

      f.      That Viglione recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Date: April 6, 2022

*/s Andrew D. Epstein*
_____
Andrew D. Epstein (BBO#155140)
Barker, Epstein & Loscocco
176 Federal Street
Boston, MA 02110
Direct Tel: (617) 272-5700
Fax: (617) 426-5251
Email: photolaw@aol.com